UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
JEFFREY HAMMER,

                              Plaintiff,

                                                  <u>ORDER</u>
          -against-                               CV 03-4238(JS)

AMAZON.COM,

                              **Defendant.**
----------------------------------------x
<u>Appearances</u>:
For Plaintiff:        Jeffrey Hammer, <u>Pro</u> <u>Se</u>
                      102 East Cortland Avenue
                      Oceanside, NY 11572


For Defendant         Heather J. Windt, Esq.
                      Friedman Kaplan Seiler & Adelman LLP
                      1633 Broadway, 46th Floor
                      New York, NY 10019


SEYBERT, District Judge:

          Over the past six months, Plaintiff has established
himself as the standard-bearer for vexatious litigation. Plaintiff
has submitted over sixty (60) one page letter requests for
permission to file various motions/applications with the Court.
Some of the requests pertain to legal relief that may, under the
appropriate circumstances, be cognizable.  The remainder of
Plaintiff's requests amount to a "stream of conscious" discourse
concerning his personal beliefs about the presidential election,
federal statutes, the Supreme Court and other federal judges. It
would serve no purpose to detail the entirety of Plaintiff's
requests, so the Court simply addresses those motions/applications
Plaintiff may file, and those he may not.

<u>Permissible Filings</u>

The Court grants Plaintiff permission to file the following motions/applications in this action:

1. ONE Motion to remand

2. ONE Application for leave to amend the Complaint

2. ONE Motion for recusal of this Court

3. ONE Motion for recusal of Magistrate Judge Michael Orenstein.

Each of the motions/applications shall be filed on or before May 27, 2005. Defendant shall have until June 13, 2005 to file answering papers. Plaintiff shall have until June 20, 2005 to file a reply. No extensions of time will be granted.

Plaintiff is reminded to contact the <u>Pro</u> <u>Se</u> Clerk's Office before filing any of the aforementioned motions/applications with this Court. Plaintiff is further reminded that all submissions made to this Court must conform to this Court's individual rules, a copy of which is attached to this Order.

<u>Plaintiff's Remaining Requests</u>

Plaintiff's remaining one-page letter requests are disposed of as follows:

The Court finds that, to the extent Plaintiff's claims permit a jury trial, Plaintiff is entitled to a jury trial.

The Court accepts Plaintiff's opposition to Defendant's motion to dismiss received by this Court on October 15, 2004, and

also accepts Plaintiff's opposition to Defendant's motion for a permanent injunction received by this Court on October 19, 2004. The Court will also deem as submitted and consider all of Plaintiff's prior oppositions to Defendant's motions to dismiss and for a permanent injunction that were properly submitted and docketed in this action.

The Court DENIES Plaintiff's request to file a motion concerning discovery. As explained in Magistrate Judge Michael Orenstein's December 8, 2003 Order, until issue is joined and a Rule 16 conference is held, discovery is premature.

The Court DENIES Plaintiff's application for appointment of pro bono counsel. Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel. While the Court would typically permit Plaintiff to file papers requesting such an appointment, Plaintiff has averred in a letter application received by this Court on October 12, 2004 (after his application for permission to file a request for counsel) that he has already located an attorney prepared to represent him in this action. Moreover, the Court has become quite familiar with Plaintiff's case, and finds no circumstances that would warrant the appointment of counsel.

The Court DENIES Plaintiff's application for permission to file a request for default judgment based on Defendant's alleged failure to answer the Complaint. Defendant has already filed a

motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). The filing of a motion to dismiss stays the time for filing an answer. Accordingly, there is no basis for an application for a default judgment.

The Court DENIES Plaintiff's applications for permission to file motions to reopen, reverse or otherwise reconsider any holdings in <u>Hammer v. Trendl</u>, No. 02-CV-2462. The action has been closed for over three years and the Court finds no reason to reopen the action.

Plaintiff's remaining requests are DENIED as lacking any substantial basis in law or fact.

<u>Future Filings</u>

The Court will not consider any further one-page letter applications from Plaintiff until the Court has decided the issues raised in: (1) the above-listed permissible filings; (2) Defendant's pending motion to dismiss; and (3) Defendant's pending request for a permanent injunction.

CONCLUSION

For the reasons set forth herein, Plaintiff is granted permission to file the following motions/applications:

1. ONE Motion to remand

2. ONE Application for leave to amend the Complaint

2. ONE Motion for recusal of this Court

3. ONE Motion for recusal of Magistrate Judge Michael

Orenstein.

Each of the motions/applications shall be filed on or before May 27, 2005. Defendant shall have until June 13, 2005 to file answering papers. Plaintiff shall have until June 20, 2005 to file a reply. No extensions of time will be granted.

The Court will not consider any further one-page letter applications from Plaintiff until the Court has decided the issues raised in the above-listed permissible filings, Defendant's pending motion to dismiss, and Defendant's pending request for a permanent injunction.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     April 26, 2005
           Central Islip, New York